H. D. Lewis and Mabel Lewis v. Commissioner. E. P. Lamberth v. Commissioner.
H. Lewis v. Commissioner
Docket Nos. 25634, 25635, 25636.
United States Tax Court
1952 Tax Ct. Memo LEXIS 337; 11 T.C.M. (CCH) 80; T.C.M. (RIA) 52022; January 29, 1952
S. G. Winstead, Esq., for the petitioners. J. Marvin Kelley, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax and a delinquency penalty for 1945 as follows: Taxpayer
Deficiency
Penalty
H. D. and Mabel Lewis
$25,412.97
$1,570.88
E. P Lamberth
30,545.27 The issues for decision are whether the Commissioner erred in holding that certain duplex houses sold in 1945 were not capital assets so that the gains were not capital gains but ordinary income and whether he erred in disallowing amounts claimed for travel expenses. Findings of Fact H. D. Lewis and Mabel Lewis are husband and wife. They filed a joint return for 1945 with the collector of internal revenue for the second district of Texas. E. P. Lamberth *338 filed an individual income tax return for 1945 with the collector of internal revenue for the second district of Texas. Lewis and Lamberth were equal partners conducting a construction business during 1945. H. D. Lewis and Mabel Lewis reported on their 1945 return a net long-term capital gain of $27,067.69 on the sale of twenty-eight "Frame Duplexes". They claimed on that return a deduction of $1,951 for travel expenses and a deduction of $2,060 for "use of personal car - 41,200 miles at 5"". The Commissioner in determining the deficiency against them held that "the 28 frame duplexes sold in 1945 from which you reported net long-term capital gain of $27,067.69 were not capital assets within the meaning of section 117(a)(1) of the Internal Revenue Code and the gains, as determined in the amount of $57,106.64, from such sales are fully taxable as business income." He also held that the petitioners realized, but failed to report, a gain of $2,770.53 "from the sale or exchange of your interests in certain duplexes, lots, and other property to A. B. McDaniel in 1945" and the properties on which the gains were derived were not capital assets. He disallowed the *339 deductions claimed for "traveling expenses" and for "use of personal car" "for lack of substantiation either as to amounts or as representing allowable deduction under the Internal Revenue Code." Lamberth, on his return for 1945, reported a net long-term capital gain of $27,531.03 from the sale of 20 1/2 frame and brick duplex houses. He claimed a deduction of $1,950 for travel expenses and one of $2,195 for "use of personal car, 43,900 miles at 5"". The Commissioner in determining the deficiency against Lamberth held "the 20 1/2 duplexes sold in 1945 from which you reported net long-term capital gain of $27,531.03 were not capital assets within the meaning of section 117(a)(1) of the Internal Revenue Code and the gains, as determined in the total amount of $58,788.60, from such sales are fully taxable as business income." He disallowed the amount claimed for "traveling expenses" and "for use of personal car" "for lack of substantiation either as to amounts or as representing allowable deductions under the Internal Revenue Code." Lewis had formerly been a partner with McDaniel and Lamberth had formerly been a partner with C. W. Delsing. These partnerships *340 were dissolved in 1944 and properties which they had owned came into the ownership of the Lewis and Lamberth partnership in 1945. Those properties were improved with duplex houses. The Lewis and Lamberth partnership sold some of those properties in 1945, but the record does not show how the sales were reported on any partnership return or what the Commissioner did about them in determining the deficiencies against the individual taxpayers. No partnership return covering any part of the year 1945 is in evidence. The duplexes and land sold or exchanged either by the petitioners or by the partnership during 1945 were not held by the taxpayers primarily for sale to customers in the ordinary course of their trade or business. A stipulation of the parties is incorporated herein by this reference. Opinion MURDOCK, Judge: The first question is whether the gain from the sale of the duplex houses was capital gain or ordinary income. The only point argued by the parties is whether or not these houses were held by the petitioners, or by their partnership, primarily for sale to customers in the ordinary course of their trade or business. The evidence shows that they were not so held. Government *341 permission had to be obtained when these houses were first constructed and that permission was granted upon the condition that the houses would be rented to war workers. The restriction on sales was removed in 1943, but the houses were constantly rented from the time they were constructed until the time of the sales here in question. The petitioners acquired title to these houses and others in connection with the dissolution of two prior partnerships. Those dissolutions took place in 1944. Thereafter, the petitioners contributed some of the houses to a new equal partnership which they formed with each other to begin on January 1, 1945. They intended to keep on renting all of the houses and decided to sell them only because of certain financial needs in connection with the formation of their new partnership and a later financial crisis in their business due to the removal of price restrictions. Apparently, the Commissioner is satisfied that if the houses were not held primarily for sale, then under section 117, including subsection (j), the gains are capital gains and not ordinary income. However, the petitioners, in their brief, state: "As to the four duplexes sold in the early part *342 of 1945 (see petitioners' Exhibit 3) no contention is now made that the gain therefrom constituted long-term capital gain since it is not clear from the record that these duplexes were held for more than six months." The reference to four seems to be in error, since the exhibit shows that only three were sold in the early part of 1945. The petitioners claimed deductions for "travel expense" and "use of personal car". The record, consisting of the testimony of Lewis and Lamberth, is vague and confusing on this point. It indicates that whatever amounts were spent for travel were spent to further the business of the partnership and none of the money was spent for other businesses conducted by the petitioners during 1945. Some amounts representing travel expenses were allowed in computing the income of the partnership. The record does not show any specific expenditures, the total amount which either partner spent, how the deduction claimed for "travel expense" was computed, or that the cars covered the mileage claimed. It does not show whether or not or to what extent the deductions claimed on the individual returns might be duplications of deductions allowed in computing the income *343 of the partnership. The individual deductions were disallowed for lack of substantiation and the lack of substantiation has not been supplied by the present record. The Tax Court can not make findings or require the Commissioner to allow deductions under such circumstances. Furthermore, it is not apparent that this is a case in which any additional amount should be allowed on the principle of Cohan v. Commissioner, 39 Fed. (2d) 540, because here it is entirely possible that the amounts deducted in computing partnership income are all that the petitioners are entitled to deduct. Decisions will be entered under Rule 50